UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-367-GWU

CARLA M. HARRIS,                                                       PLAINTIFF,

VS.                       **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

Carla Harris brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Harris, a 33 year-old former school bus monitor, nurse's aide, child care attendant and office helper with a "limited" education, suffered from impairments related to degenerative disc disease, a depressive disorder, and attention "deficient" hyperactivity disorder.[1] (Tr. 14, 20-21).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 21).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21).  The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to medium level work along with such non-exertional restrictions as (1) an inability to more than occasionally stoop, bend, squat, crouch

---

[1] The ALJ perhaps meant attention deficit hyperactivity disorder.

or crawl; and (2) a "limited but satisfactory" ability to deal with the public, supervisors, or work stresses, function independently, maintain attention and concentration, carry out and remember simple instructions, and relate predictably in social situations. (Tr. 394). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 394). The ALJ later changed the exertional level to light and the witness again identified a significant number of jobs. (Tr. 394-395). Therefore, assuming that the vocational factors considered by Ellis fairly characterized Harris' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Robert Hoskins, an examining source, diagnosed chronic back pain and degenerative disc disease. (Tr. 206). Dr. Hoskins noted tenderness over the lumbar area and the left sacroiliac joint. (Tr. 205). However, the doctor found no misalignment, asymmetry, crepitation, defects, tenderness, masses, effusion, instability, atrophy, or abnormal strength/tone in the head, neck, spine and extremities upon physical examination. (Tr. 205). Neurological examination revealed no abnormalities of the deep tendon reflexes and no sensory deficits. (Tr. 206). The doctor opined that Harris would have "difficulty" with heavy lifting, frequent stooping, bending, squatting or crawling. (Tr. 206). The physical factors of the hypothetical question were essentially consistent with this opinion.

06-367 Harris

Dr. Parandhamulu Saranga reviewed the record and opined that Harris could perform the full range of medium level work. (Tr. 301-309). The plaintiff's treating sources at the East Bernstadt Medical Clinic (Tr. 218-219) and Marymount Medical Center (Tr. 220-245) did not report the existence of more severe physical restrictions than those found by the ALJ. The Marymount treatment records record complaints of chest pain. (Tr. 223, 227). However, a chest x-ray at Marymount revealed no evidence of pulmonary disease. (Tr. 231). An EKG was normal. (Tr. 232-233). These reports provide additional evidence to support the ALJ's decision.

The ALJ also dealt properly with the evidence of record relating to Harris' mental condition. Psychologist Kenneth Starkey diagnosed the plaintiff as suffering from an adjustment disorder and suspected borderline intelligence. (Tr. 215). Starkey rated the claimant's Global Assessment of Functioning (GAF) at 69, suggesting the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994) (DSM-IV). The examiner opined that Harris' mental problems would not impose "significant impairment of either social or occupational functioning at the present time." (Tr. 215). The only limitations even suggested by Starkey were somewhat limited social interactions and a slightly impaired ability to deal with work pressures. (Tr. 216). The mental limitations of the hypothetical question were compatible with this opinion.

Psychologists Jay Athy (Tr. 271) and Edward Ross (Tr. 286) each reviewed the record and opined that Harris did not suffer from a "severe" mental impairment. These reports buttress the administrative decision.

Harris was treated for her mental problems at the Baptist Regional Medical Center Outpatient Behavioral Health Center. Dr. Shahzad Shahmalak, a treating source, noted upon intake in August of 2004, that the plaintiff suffered from a major depressive disorder and an anxiety disorder. (Tr. 260). The claimant's GAF was rated at 51 to 60, suggesting the existence of "moderate" psychological symptoms according to the DSM-IV. (Tr. 261). Treatment notes record improvement in Harris' condition in December of 2004 (Tr. 252) and June of 2005 (Tr. 314). However, Dr. Shahmalak indicated on July 5, 2005 that the plaintiff was "currently undergoing treatment and is unable to work at this time." (Tr. 247).

Harris asserts that Dr. Shahmalak's July, 2005 disability statement was entitled to controlling weight. However, the Court notes that it appears contradictory to the other evidence submitted from Baptist. The doctor's initial GAF rating from August of 2004 suggested moderate limitations compatible with the ALJ's findings rather than totally disabling restrictions. As noted by the ALJ, treatment records from the facility repeatedly suggest improvement in the claimant's condition. (Tr. 17). Dr. Shahmalak has not provided any objective medical data to justify such a drastic change in the condition of Harris between June, 2005 and July, 2005. Therefore, Dr. Shahmalak's opinion was not binding on the ALJ.

Harris argues that the ALJ erred by failing to consider the combined effect of all of her impairments. The plaintiff does not specify what impairments were not properly considered. The Court has already found that the hypothetical question fairly characterized the claimant's mental and physical condition. Therefore, the ALJ implicitly considered all of her impairments in proper combination.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 6th day of June, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge